**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 24-1243**

---

DAN CHACKO,

        Plaintiff - Appellant,

    v.

MELISSA PRESTON; DAVID POWELL; JOHN R. FORD; BERNIE ELERO; JENNIFER TIDWELL; ODIN FELDMAN PITTLEMAN PC; JOHN DOES 1-35, (said names being fictions uncertain and unknown persons or entities) aiding, abetting and funding,

        Defendants - Appellees.

---

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria.  Patricia Tolliver Giles, District Judge.  (1:23-cv-00551-PTG-IDD)

---

Submitted:  November 14, 2024               Decided:  November 18, 2024

---

Before THACKER and HARRIS, Circuit Judges, and KEENAN, Senior Circuit Judge.

---

Affirmed by unpublished per curiam opinion.

---

Dan Chacko, Appellant Pro Se.  Caroline V. Davis, David L. Hauck, DUANE, HAUCK, DAVIS, GRAVATT & CAMPBELL, P.C., Richmond, Virginia, for Appellees.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Dan Chacko appeals the district court's orders dismissing Chacko's civil action raising a variety of claims stemming from his ongoing dispute with his neighborhood Homeowners Association. Limiting our review to the issues raised in Chacko's informal brief, *see* 4th Cir. R. 34(b); *see also Jackson v. Lightsey*, 775 F.3d 170, 177 (4th Cir. 2014) ("The informal brief is an important document; under Fourth Circuit rules, our review is limited to issues preserved in that brief."), we have reviewed the district court's rulings on Defendants' motions to dismiss and find no reversible error.

Specifically, we agree with the district court's rulings that (a) as relevant to Chacko's claim under the Fair Housing Act, *see* 42 U.S.C. §§ 3601-3619, 3631, there is nothing to show how Chacko's property was substantially similar to the proffered comparator properties, which were identified only by their addresses; and (b) Chacko failed to sufficiently allege that Defendants' actions violated his rights under the Servicemembers Civil Relief Act (SCRA), *see* 50 U.S.C. §§ 3901-4043, or, more generally, that Chacko qualified for protection under the SCRA because the facts as pled did not establish that Chacko met the SCRA's definition of an "active-duty servicemember," *see* 50 U.S.C. § 3911(2)(A). We also observe that Chacko's general argument that the Virginia Property Owners Association Act violates his rights, as a homeowner, under the First, Third, Fourth, Fifth, Ninth, and Fourteenth Amendments, is not responsive to any aspect of the district court's second, more expansive dismissal order. To the extent that this assertion relates to the first dismissal order, in which the court dismissed multiple counts for reasons stated at

2

the hearing on the first round of motions to dismiss, such a nonspecific and conclusory contention does not allow for meaningful appellate review.

Accordingly, we affirm the district court's dismissal orders. *Chacko v. Preston*, No. 1:23-cv-00551-PTG-IDD (E.D. Va. July 6, 2023; Mar. 5, 2024). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*